1  MELINDA HAAG (CABN 132612)
   United States Attorney

2  MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  GARTH HIRE (CABN 187330)
   JAMES C. MANN (CABN 221603)
5  Assistant United States Attorneys

6    1301 Clay Street, Suite 340S
     Oakland, CA 94612
7    Telephone: (510) 637-3680
     Fax: (510) 637-3724
8    E-Mail:   Garth.Hire@usdoj.gov
               James.C.Mann@usdoj.gov
9

10 Attorneys for Plaintiff

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          OAKLAND DIVISION

14

15 UNITED STATES OF AMERICA,        )   No. CR-11-00291 SBA
                                    )
16      Plaintiff,                  )   [PROPOSED] ORDER DETAINING
                                    )   DEFENDANT GARY CLAYTON
17      v.                          )   RONDEAU PENDING TRIAL
                                    )
18 GARY CLAYTON RONDEAU,            )   Date:  April 28, 2011
                                    )   Time:  9:30 a.m.
19      Defendant.                  )   Court: Hon. Laurel Beeler
                                    )
20                                  )
                                    )
21

22      Defendant Gary Clayton Rondeau was charged in a one-count complaint with possession

23 with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).[1]  The United

---

[1] Defendant has since been charged in an indictment with conspiracy to possess with the intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii), and possession with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(viii).

[PROPOSED] DETENTION ORDER
No. CR-11-00291 SBA                       1

States moved for defendant's detention pursuant to 18 U.S.C. § 3142, and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f). Given the nature of the crime charged, there is a rebuttable presumption in this case that no conditions or combination of conditions will reasonably assure the appearance of defendant as required and the safety of any other person and the community. See 18 U.S.C. § 3142(e)(3)(A). On April 28, 2011, following a hearing pursuant to 18 U.S.C. § 3142(f), and considering the Pretrial Services criminal history report, the criminal complaint filed in this case, and the factors set forth in 18 U.S.C. § 3142(g), the Court ordered defendant detained, as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of defendant as required and the safety of any other person and the community. See 18 U.S.C. §§ 3142(e) and (f); United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

Specifically, the Court noted defendant's criminal history and the allegations contained in the complaint (including the presumption pursuant to 18 U.S.C. § 3142(e)(3)(A) referenced above).

Defendant did not request a full bail study at this time, such as an interview by Pretrial Services, but reserved the right to present information at a future bail hearing should his circumstances change. See 18 U.S.C. § 3142(f) (a defendant has the right at a section 3142(f) hearing to, with the assistance of counsel, testify, present witnesses, cross-examine adverse witnesses, and present evidence by proffer or otherwise).

**ORDER**

Defendant is ordered detained as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of defendant as required and the safety of any other person and the community. Because defendant waived his right to present information pursuant to 18 U.S.C. § 3142(f) without prejudice to raising any relevant information at a later hearing, the Court orders that the hearing may be reopened at defendant's request at a future time.

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or held in custody pending appeal. See 18 U.S.C. § 3142(i)(2). Defendant must be afforded a reasonable opportunity to consult privately with counsel. See 18 U.S.C. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver defendant to the United States Marshal for a court appearance. See 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

DATED: May 20, 2011

LAUREL BEELER
United States Magistrate Judge